UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM SHALIT, D/B/A DOCMENDER<br>Plaintiff<br>v.<br>M/Y OUT OF THE BLUE, O.N. 639738 (f.k.a. Roamin Wrangler), her engines, tackle, machinery, appurtenances, apparel, etc., *in rem*, and ROBERT E. CHAVEZ, , *in personam*,<br>Defendants | CIVIL ACTION NO. 05-11254 WGY<br>*EX PARTE CONSIDERATION REQUESTED*<br><br>*EXPEDITED HANDLING AND/OR HEARING REQUESTED* |

**Statement of Special Circumstances:**

This complaint seeks **maritime arrest of a vessel** pursuant to Rule C of the Admiralty Rules Supplemental to the Federal Rules of Civil Procedure. The defendant vessel is capable of being launched and removed from the jurisdiction of this Court. Handling in the ordinary course of the business of the Court could introduce sufficient delay as to allow the defendant vessel to escape the jurisdiction of the Court, potentially depriving the plaintiff of a remedy. For these reasons, plaintiff requests *Ex Parte Consideration* and *Expedited Handling And/Or Hearing*, and respectfully submits that his request is warranted and ought to be granted.

### MOTION TO ALLOW FILING OF CASE UNDER SEAL

Pursuant to L.R. 7.2, Plaintiff William Shalit hereby moves that Court allow him to file his Verified Complaint and his associated motions, etc., under seal and to maintain the whole of case under seal until such time as the defendant vessel *M/Y Out of the Blue* shall be arrested. Shalit will present the appropriate papers to the United States Marshals Service for arrest of the vessel as soon as the same are available from the clerk. He understands that the Marshal's deputies should be able to effect the arrest within a few days thereafter. Once the arrest of the vessel is accomplished, there is no further need for the materials in question to be held under seal, and at that time, all may be entered onto the open docket of the Court.

In support of his motion, Plaintiff Shalit states:

1. The defendant vessel *M/Y Out of the Blue* is currently ashore in an open location in Quincy, Massachusetts, where it is accessible to trucks that can move it, and to equipment that can launch it so that it could be moved by water.

2. Plaintiff Shalit holds a maritime lien for necessaries — goods and services provided to the defendant vessel — affording him the grounds to arrest the defendant vessel to foreclose the same maritime lien. His *in rem* rights are meaningless without physical custody of the defendant vessel.

3. If this case is not sealed, there is a risk that individuals controlling the defendant vessel could become aware of the pendency of this action before the arrest of the vessel is accomplished. Because the vessel is moveable — and because plaintiff's *in rem* remedy depends upon the survival and presence of the vessel itself — this knowledge could permit frustration of plaintiff's rights on the merits, potentially depriving plaintiff of any remedy whatever.

4. Pursuant to Rules C(3) and (4) of the Federal Rules of Civil Procedure's Supplemental Rules for Certain Admiralty and Maritime Claims ("Supplemental Rules"), actual notice of an action providing for arrest a vessel is to be given in a manner as directed by the Court, and so need not be provided at any time earlier than the arrest of the defendant vessel. Further illustrating this point, Rule C(3)(a)(ii)(B) of the Supplemental Rules allows the clerk to issue a warrant for the arrest of the vessel even *without* judicial review of the Verified Complaint if "exigent circumstances" exist that make court review impractical.

5. The initiation of the new Electronic Case Filing System ("ECF") in the United States District Court for the District of Massachusetts has simplified the ability of

interested parties to monitor the filing of cases. In the absence of an order to seal the action, upon the filing of this case, anyone member of the public who monitors the ECF system can learn of the existence of this case, and the looming prospect of arrest, all in enough time to frustrate the arrest.

6. In order to avoid the need to invoke the "exigent circumstances" exception of Rule C(3)(a)(ii)(B) of the Supplemental Rules, and to allow for full judicial review of the Verified Complaint prior to arrest of the vessel without alerting those associated with the defendant vessel, plaintiff Shalit hereby requests that it be allowed to file the Verified Complaint and all supporting documents, pleadings, and motions under seal.

7. Once the vessel has been arrested, there will no longer be a need for confidentiality. At that point, the seal can be lifted without any negative consequences, and the case may be filed in the ECF system in the ordinary course, or as otherwise directed by the Court.

WHEREFORE, Plaintiff Shalit respectfully requests that the Court allow his Motion and enter an Order in the form of Exhibit 1.

Dated: June 16, 2005

WILLIAM SHALIT D/B/A DOCMENDER
By his attorneys,

*Michael Rauworth*

Michael J. Rauworth, BBO# 547711
CETRULO & CAPONE LLP
World Trade Center East
Two Seaport Lane — 10th Floor
Boston, Massachusetts 02210
Tel: (617) 217-5500; fax: 617-217-5200

02746-0001
375916v1

3

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM SHALIT, D/B/A DOCMENDER<br>Plaintiff<br><br>v.<br><br>*M/Y OUT OF THE BLUE*, O.N. 639738 (f.k.a.<br>*Roamin Wrangler*), her engines, tackle,<br>machinery, appurtenances, apparel, etc., *in rem*, and ROBERT E. CHAVEZ, , *in personam*,<br>Defendants | CIVIL ACTION NO. |

**ORDER FOR FILING UNDER SEAL**

Plaintiff's Motion For Filing Under Seal is hereby GRANTED. The Clerk of Courts is hereby ORDERED to accept paper filings of the Verified Complaint, all supporting documentation, and all motions and documents and to maintain the entire case file UNDER SEAL until such time as the defendant vessel *M/Y Out of the Blue* has been physically arrested within the District of Massachusetts.

At that time that the United States Marshals Service reports to the Clerk that the defendant vessel has been lawfully arrested, the seal is to be lifted and the Clerk may require that the entire case file be entered into the Electronic Case Filing (ECF) System.

So ORDERED.

Dated at Boston this ___ day of June, 2005.

_____
United States District Judge