UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM SHALIT, D/B/A DOCMENDER<br>Plaintiff<br>v.<br>M/Y OUT OF THE BLUE, O.N. 639738 (f.k.a. Roamin Wrangler), her engines, tackle, machinery, appurtenances, apparel, etc., *in rem*, and ROBERT E. CHAVEZ, , *in personam*,<br>Defendants | CIVIL ACTION NO.<br>*EX PARTE CONSIDERATION REQUESTED*<br>05-11254-WGY<br>*EXPEDITED HANDLING AND/OR HEARING REQUESTED* |

**Statement of Special Circumstances:**

This complaint seeks **maritime arrest of a vessel** pursuant to Rule C of the Admiralty Rules Supplemental to the Federal Rules of Civil Procedure. The defendant vessel is capable of being launched and removed from the jurisdiction of this Court. Handling in the ordinary course of the business of the Court could introduce sufficient delay as to allow the defendant vessel to escape the jurisdiction of the Court, potentially depriving the plaintiff of a remedy. For these reasons, plaintiff accompanies this complaint with a motion for holding the case under seal until the arrest is accomplished. Plaintiff requests *Ex Parte Consideration* and *Expedited Handling And/Or Hearing*, and respectfully submits that his request is warranted and ought to be granted.

### MOTION TO APPOINT SUBSTITUTE CUSTODIAN

Plaintiffs move that Thomas Marine, Inc., R24 Ericsson Street, Boston, Massachusetts 02122 ("Thomas"), be appointed substitute custodian of the defendant vessel the M/Y *Out of the Blue* (Official Number 639738; f.k.a. *Roamin Wrangler*) during the pendency of its arrest under process of this Court. As grounds for its motion, plaintiff says that appointing a substitute custodian will allow the arrest to proceed without a delay that could be fatal, from a practical standpoint, to plaintiff's rights. In addition, the appointment would save unnecessary expense that could otherwise render plaintiff's rights on the merits valueless, and will free personnel of the United States Marshals Service for other duties.

This Motion accompanies Plaintiff's Verified Complaint in Admiralty, his Motion for Arrest of Vessel, and his draft Order for Arrest of Vessel and Warrant for Arrest of Vessel. Assuming that the Court grants the relief prayed for in the accompanying pleadings, it is to be

expected that personnel of the Marshals Service will seize the defendant vessel as soon as feasible. However, the Marshals Service has notified plaintiff's attorneys that its ability to maintain, with its own personnel and resources, the required physical custody of an arrested vessel is quite limited, and on a given occasion may be unavailable.

As a result, Plaintiffs may be unable to exercise its lawful remedies against the defendant vessel in time to be of practical value unless custody can be maintained by an Court-authorized substitute. Appointment of a substitute custodian is a very common if not universal practice in vessel arrest proceedings in this District.

In support of its motion, Plaintiffs submit the Declaration of the Substitute Custodian, attached to this motion as <u>Exhibit 1</u> and made a part hereof. By virtue of this Declaration, it appears that Thomas has the willingness and capability to keep the defendant vessel under adequate care.

Plaintiff has made arrangements satisfactory to Thomas for its custodianship services, and these appear to be less burdensome than the alternative arrangements that would apply in the event that custody were retained by the Marshals Service.

Plaintiffs further move that the court authorize that the Vessel be relocated from its current location (at Marina Bay, in Quincy) to storage at the facilities of Thomas, just opposite those of Marina Bay, once the arrest has been effected and custody of the defendant vessel has been turned over to Thomas. Plaintiffs also move that all expenses of and following the arrest of the Vessel, including her relocation and storage, be recoverable from the Vessel or the proceeds of her sale with a priority second only to fees of the USMS.

For the convenience of the Court, and in order to avoid delay in the proceedings, Plaintiff submits as <u>Exhibit 2</u> to this Motion a draft Order Regarding Substitute Custody.

WHEREFORE, Plaintiff respectfully moves that the Court enter his proposed order, in order that the arrest may proceed and his rights may be preserved.

Dated: June ___, 2005

WILLIAM SHALIT D/B/A DOCMENDER
By his attorneys,

_____
Michael J. Rauworth, BBO# 547711
CETRULO & CAPONE LLP
World Trade Center East
Two Seaport Lane –- 10th Floor
Boston, Massachusetts 02210
Tel: (617) 217-5500; fax: 617-217-5200

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM SHALIT, D/B/A DOCMENDER<br>Plaintiff<br><br>v.<br><br>M/Y OUT OF THE BLUE, O.N. 639738 (f.k.a. Roamin Wrangler), her engines, tackle, machinery, appurtenances, apparel, etc., in rem, and ROBERT E. CHAVEZ, , in personam,<br>Defendants | CIVIL ACTION NO. |

### DECLARATION OF PAUL RICKETTS

Paul Ricketts gives the following declaration pursuant to 28 U.S.C §1746:

1. I am the General Manager of Thomas Marine, Inc. ("Thomas"), R24 Ericsson Street, Boston, Massachusetts 02122, one of New England's major recreational vessel facilities, located in the southern portion of the greater Boston Harbor area. I have personal knowledge of its facilities, capabilities and practices.

2. Thomas conducts a marina business that includes the storage and custody of yachts. Thomas personnel are familiar vessels of the general type of the defendant vessel — the M/Y Out of the Blue (Official Number 639738; f.k.a. Roamin Wrangler). Thomas and Plaintiff William Shalit have reached an agreement for storage of the defendant vessel ashore on Thomas' premises in its boat storage yard following arrest. Thomas has had experience with vessels subject to judicial process, repossession, etc. and is conscious of the need to keep an arrested vessel in a safe location.

3. Thomas' facilities are located very close to those of Marina Bay, where the defendant vessel is now located, just across a fairly narrow waterway from it. Thomas' personnel are prepared to meet the with Deputy Marshal at the site of the arrest, to accept custody from the Deputy at that location, and thereupon to move the defendant vessel across to

**EXHIBIT 1**

the Thomas facilities. Thomas has adequate equipment and capabilities for towing to carry this out.

4.   Thomas carries liability insurance with a single-incident limit of $1,000,000.00 covering loss or damage to vessels in Thomas' custody, as the defendant vessel would be following arrest.

5.   I declare under penalties of perjury that the foregoing is true and correct.

Executed at Boston, Massachusetts, this 16 day of June, 2005.

_____
Paul Ricketts

EXHIBIT 1

2

02746-0001
375918v1