UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM SHALIT, D/B/A DOCMENDER<br>Plaintiff<br><br>v.<br><br>M/Y *OUT OF THE BLUE*, O.N. 639738 (f.k.a. *Roamin Wrangler*), her engines, tackle, machinery, appurtenances, apparel, etc., *in rem*, and ROBERT E. CHAVEZ, , *in personam*,<br>Defendants | CIVIL ACTION NO.<br><br>**05  11254 WGY** |

### ORDER FOR SUBSTITUTE CUSTODY

The Court, having reviewed plaintiff's Motion for Substitute Custody and its supporting materials, and finding that these appear to constitute an adequate basis for the granting of the relief sought, now accordingly ORDERS as follows:

1.  Thomas Marine, Inc., R24 Ericsson Street, Boston, Massachusetts 02122, is hereby authorized to accept from the United States Marshals Service possession and custody of the defendant vessel — the M/Y *Out of the Blue* (Official Number 639738; f.k.a. *Roamin Wrangler*) — wherever she may be found within the District, and to move the vessel by any safe and commercially reasonable means to a safe location at Thomas' facilities, and to serve as substitute custodian of the defendant vessel subject to directives of the Marshals Service until further order of the Court.

2.  The fees and expenses of the substitute custodian and those of relocating the Vessel following arrest shall be the responsibility of the Plaintiff, William Shalit, in the first instance, but these shall be recoverable against the vessel with a priority second only to the administrative expenses of the United States Marshals Service. In the event the Plaintiff shall fail to remain current as to the agreed charges for the services of the substitute custodian, the Court may order the arrest of the vessel dissolved.

3.  The substitute custodian shall:

a.)   retain the defendant vessel in its possession and control until custody is re-assumed by the United States Marshals Service or until further order of the Court;

b.)   use all workmanlike and professional skills and efforts to maintain the vessel safe and secure and free from deterioration;

c.)   report promptly to the Marshal any mishap, casualty, theft, vandalism, deterioration or similar condition likely to affect the value or utility of the vessel, or any change in MB's ability to discharge the duties of the substitute custodian, including without limitation lack of adequate personnel, resources, utilities, etc.;

d.)   permit no one other than its own staff, staff of its subcontractors, counsel and representatives of the plaintiff, Marshals Service personnel, potential bidders at a USMS judicial auction (as identified by USMS personnel), or emergency response personnel, to board the vessel without prior written authority of the Marshals Service.

4. The substitute custodian is to take custody of the defendant vessel from the Marshals Service at the site of its arrest and is to relocate it to safe storage ashore at its facilities.

5. To the extent that the Marshal or the United States may incur liability as a result of the substitute custodianship arrangement as to the defendant vessel, Plaintiff shall indemnify and hold harmless the Marshal and the United States in respect of such liability.

Dated at Boston this 16 day of June, 2005.

_William G. Young_
United States District Judge

02746-0001
375915v1