UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM SHALIT, d/b/a DOCMENDER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>M/Y OUT OF THE BLUE, O.N. 639738 )<br>(f.k.a. *Roamin Wrangler*), her engines, )<br>tackle, machinery, appurtenances, apparel, )<br>etc., *in rem*, and ROBERT E. CHAVEZ, )<br>*in personam*, )<br>)<br>Defendants. )<br>) | CIVIL ACTION<br><br>NO. 05-11254-WGY |

**ROBERT E. CHAVEZ'S ANSWER TO THE**
**<u>VERIFIED COMPLAINT *IN PERSONAM*</u>**

Robert E. Chavez ("Dr. Chavez") hereby answers to Verified Complaint in Admiralty of the plaintiff, William Shalit, d/b/a DocMender ("Shalit"), in numbered paragraphs corresponding to the numbered paragraphs of the Complaint as follows:

The first, unnumbered paragraph of the Verified Complaint is an introductory paragraph to which no response is required.  Insofar as a response may be deemed required, Dr. Chavez denies that Shalit has any maritime lien for the providing of necessaries.  Dr. Chavez further denies that the Vessel is the subject of any maritime contract.  To the extent that the paragraph is deemed to set forth any further factual allegations, they are denied.

1. Dr. Chavez is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of the Verified Complaint and therefore denies same.

2. Dr. Chavez admits the allegations set forth in the first sentence of Paragraph 2, except that the Vessel bears Hull Identification number CCF09165M97F (not, as alleged, CCF09165M79F).  Dr. Chavez is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second sentence of Paragraph 2 of the Verified Complaint and therefore denies same.  As to the third sentence of Paragraph 2, Dr. Chavez denies that Shalit has any maritime lien rights; otherwise, the third sentence sets forth no factual allegations requiring a response.

3. Dr. Chavez admits that he lives and works in Massachusetts.  The remaining allegations set forth in Paragraph 3 are denied.

4. Dr. Chavez admits that as of the filing of the Verified Complaint, the Vessel was in Quincy, Massachusetts.  The remainder of Paragraph 4 consists of pure statements of law to which no response is required.  To the extent that a response is deemed required, the allegations are denied.

**Events**

5. Dr. Chavez denies that he asked Shalit's business to provide any goods or services to the Vessel.  Further answering, Dr. Chavez is without knowledge or information sufficient to form a belief as to whether any other person or entity asked Shalit's business to provide goods or services to the Vessel, and therefore denies the allegations set forth in Paragraph 5 of the Verified Complaint.

6. Dr. Chavez admits that, on behalf of Out of the Blue Yacht, LLC, he instructed DocMender to relay the carpet.  Dr. Chavez denies the remaining allegations set forth in Paragraph 6 of the Verified Complaint.

7. Dr. Chavez denies the allegations set forth in Paragraph 7 of the Verified Complaint.

8. Dr. Chavez admits that he has made no payments to DocMender. The remaining allegations set forth in Paragraph 8 of the Verified Complaint are denied.

9. Dr. Chavez denies the allegations set forth in Paragraph 9 of the Verified Complaint.

10. Dr. Chavez is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Verified Complaint and therefore denies same. Further answering, Dr. Chavez denies that Seabreeze Boat Repair is, or was, owed anything.

11. Dr. Chavez denies the allegations set forth in Paragraph 11 of the Verified Complaint.

## Count I

12. Dr. Chavez incorporates by reference his responses to Paragraphs 1 through 11 above, as though fully restated herein.

13. Dr. Chavez denies the allegations set forth in Paragraph 13 of the Verified Complaint.

14. Dr. Chavez denies the allegations set forth in Paragraph 14 of the Verified Complaint.

15. Dr. Chavez denies the allegations set forth in Paragraph 15 of the Verified Complaint.

**Count II**

16. Dr. Chavez incorporates by reference his responses to Paragraphs 1 through 15 above, as though fully restated herein.

17. Dr. Chavez denies the allegations set forth in Paragraph 17 of the Verified Complaint.

18. Dr. Chavez admits that he has not paid any money to Shalit. The remaining allegations set forth in Paragraph 18 of the Verified Complaint are denied.

19. Dr. Chavez denies the allegations set forth in Paragraph 19 of the Verified Complaint.

20. Dr. Chavez denies the allegations set forth in Paragraph 20 of the Verified Complaint.

**Count III**

21. Dr. Chavez incorporates by reference its responses to Paragraphs 1 through 20 above, as though fully restated herein.

22. Dr. Chavez denies the allegations set forth in Paragraph 22 of the Verified Complaint. Further answering, Dr. Chavez lacks knowledge or information regarding Shalit's allegations pertaining to his "assignee" and therefore denies same.

23. Dr. Chavez denies the allegations set forth in Paragraph 23 of the Verified Complaint.

24. Dr. Chavez denies the allegations set forth in Paragraph 24 of the Verified Complaint.

25. Dr. Chavez denies the allegations set forth in Paragraph 25 of the Verified Complaint.

26. Dr. Chavez denies the allegations set forth in Paragraph 26 of the Verified Complaint.

### FIRST AFFIRMATIVE DEFENSE

The Verified Complaint, and each Count thereof, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction over each and every Count set forth in the Verified Complaint.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to join an indispensable party.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, laches, and/or unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his damages.

### SIXTH AFFIRMATIVE DEFENSE

If Plaintiff provided necessaries to the Vessel, which is denied, he did so voluntarily, without the authorization of a person with authority to procure the services, or presumed to have such authority pursuant to 46 U.S.C. § 31341, and he can recover nothing therefor.

## **RELIEF REQUESTED**

WHEREFORE, Robert E. Chavez respectfully requests that this Court:

1. Dismiss the Verified Complaint, with prejudice;

2. Award Dr. Chavez his costs and reasonable attorneys' fees; and

3. Award Dr. Chavez such other and further relief as he may be able to demonstrate he is entitled to.

                                              ROBERT E. CHAVEZ, D.D.S.
                                              By his attorneys,


                                              /s/ Karen W. Salon
                                              Stephen M. Salon, BBO #439280
                                              Karen W. Salon, BBO #600344
                                              SALON & ASSOCIATES, LLC
                                              45 School Street
                                              Boston, MA  02108
                                              (617) 742-7446


Dated: July 26, 2005