UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM SHALIT, d/b/a DOCMENDER,<br><br>Plaintiff,<br><br>v.<br><br>M/Y OUT OF THE BLUE, O.N. 639738<br>(f.k.a. *Roamin Wrangler*), her engines,<br>tackle, machinery, appurtenances, apparel,<br>etc., *in rem*, and ROBERT E. CHAVEZ,<br>*in personam*,<br><br>Defendants. | CIVIL ACTION<br><br>NO. 05-11254-WGY |

**OUT OF THE BLUE YACHT, LLC'S**
**ANSWER TO VERIFIED COMPLAINT *IN REM***

Out of the Blue Yacht, LLC (the "LLC"), as owner of the vessel M/Y Out of the Blue (the "Vessel"), hereby answers to Verified Complaint in Admiralty of the plaintiff, William Shalit, d/b/a DocMender ("Shalit"), in numbered paragraphs corresponding to the numbered paragraphs of the Complaint as follows:

The first, unnumbered paragraph of the Verified Complaint is an introductory paragraph to which no response is required. Insofar as a response may be deemed required, the LLC denies that Shalit has any maritime lien for the providing of necessaries. The LLC further denies that the Vessel is the subject of any maritime contract. To the extent that the paragraph is deemed to set forth any further factual allegations, they are denied.

1. The LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of the Verified Complaint and therefore denies same.

2. The LLC admits the allegations set forth in the first sentence of Paragraph 2, except that the Vessel bears Hull Identification number CCF09165M97F (not, as alleged, CCF09165M79F). The LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second sentence of Paragraph 2 of the Verified Complaint and therefore denies same. As to the third sentence of Paragraph 2, the LLC denies that Shalit has any maritime lien rights; otherwise, the third sentence sets forth no factual allegations requiring a response.

3. The LLC admits that Robert E. Chavez lives and works in Massachusetts. The remaining allegations set forth in Paragraph 3 are denied.

4. The LLC admits that as of the filing of the Verified Complaint, the Vessel was in Quincy, Massachusetts. The remainder of Paragraph 4 consists of pure statements of law to which no response is required. To the extent that a response is deemed required, the allegations are denied.

**Events**

5. The LLC denies that it asked Shalit's business to provide any goods or services to the Vessel. Further answering, the LLC is without knowledge or information sufficient to form a belief as to whether any other person or entity – without the LLC's authority – asked Shalit's business to provide goods or services to the Vessel, and therefore denies the allegations set forth in Paragraph 5 of the Verified Complaint.

6. The LLC denies the allegations set forth in Paragraph 6 of the Verified Complaint.

7. The LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Verified Complaint and therefore denies same.

8. The LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Verified Complaint and therefore denies same.

9. The LLC denies the allegations set forth in Paragraph 9 of the Verified Complaint.

10. The LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Verified Complaint and therefore denies same.  Further answering, the LLC denies that Seabreeze Boat Repair is, or was, owed anything.

11. The LLC denies the allegations set forth in Paragraph 11 of the Verified Complaint.

## Count I

12. The LLC incorporates by reference its responses to Paragraphs 1 through 11 above, as though fully restated herein.

13. The LLC denies the allegations set forth in Paragraph 13 of the Verified Complaint.

14. The LLC denies the allegations set forth in Paragraph 14 of the Verified Complaint.

15. The LLC denies the allegations set forth in Paragraph 15 of the Verified Complaint.

### Count II

16. The LLC incorporates by reference its responses to Paragraphs 1 through 15 above, as though fully restated herein.

17. The LLC denies the allegations set forth in Paragraph 17 of the Verified Complaint.

18. The LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18 of the Verified Complaint and therefore denies same.

19. The LLC denies the allegations set forth in Paragraph 19 of the Verified Complaint.

20. The LLC denies the allegations set forth in Paragraph 20 of the Verified Complaint.

### Count III

21. The LLC incorporates by reference its responses to Paragraphs 1 through 20 above, as though fully restated herein.

22. The LLC denies the allegations set forth in Paragraph 22 of the Verified Complaint. Further answering, the LLC lacks knowledge or information regarding Shalit's allegations pertaining to his "assignee" and therefore denies same.

23. The LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 23 of the Verified Complaint, because those allegations concern a party other than the LLC. To the extent that a response is deemed required, the allegations set forth in Paragraph 23 of the Verified Complaint, insofar as they may pertain to the LLC, are denied.

24. The LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24 of the Verified Complaint, because those allegations concern a party other than the LLC. To the extent that a response is deemed required, the allegations set forth in Paragraph 24 of the Verified Complaint, insofar as they may pertain to the LLC, are denied.

25. The LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25 of the Verified Complaint, because those allegations concern a party other than the LLC. To the extent that a response is deemed required, the allegations set forth in Paragraph 25 of the Verified Complaint, insofar as they may pertain to the LLC, are denied.

26. The LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26 of the Verified Complaint, because those allegations concern a party other than the LLC. To the extent that a response is deemed required, the allegations set forth in Paragraph 26 of the Verified Complaint, insofar as they may pertain to the LLC, are denied.

## FIRST AFFIRMATIVE DEFENSE

The Verified Complaint, and each Count thereof, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction over each and every Count set forth in the Verified Complaint.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to join an indispensable party.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, laches, and/or unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his damages.

## SIXTH AFFIRMATIVE DEFENSE

If Plaintiff provided necessaries to the Vessel, which is denied, he did so voluntarily, without the authorization of a person with authority to procure the services, or presumed to have such authority pursuant to 46 U.S.C. § 31341, and he can recover nothing therefor.

## **RELIEF REQUESTED**

WHEREFORE, Out of the Blue, LLC respectfully requests that this Court:

1. Dismiss the Verified Complaint, with prejudice;
2. Award the LLC its costs and reasonable attorneys' fees; and

3. Award the LLC such other and further relief as it may be able to demonstrate it is entitled to.

OUT OF THE BLUE, LLC
By its attorneys,

/s/ Karen W. Salon
Stephen M. Salon, BBO #439280
Karen W. Salon, BBO #600344
SALON & ASSOCIATES, LLC
45 School Street
Boston, MA  02108
(617) 742-7446

Dated: July 26, 2005