UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM SHALIT, D/B/A DOCMENDER<br>　　　　　Plaintiff<br>　　　　　v.<br>M/Y *CUT OF THE BLUE*, O.N. 639738 (f.k.a.<br>*Roamin Wrangler*), her engines, tackle,<br>machinery, appurtenances, apparel, etc., *in rem*, and ROBERT E. CHAVEZ, *in personam*,<br>　　　　　Defendants | CIVIL ACTION NO. 1-05-cv-11254-WGY |

### ORDER FOR ACCEPTANCE OF FUNDS AND
### PROVIDING FOR RELEASE OF VESSEL BY AGREEMENT

This matter came before the Court on the joint motion of the William Shalit ("Plaintiff"), defendant Robert E. Chavez and claimant/defendant Out of the Blue Yacht, LLC (collectively, the "Parties"), who are the parties in interest as to the arrest of the defendant vessel as security for Plaintiff's claim.

The Court observes that the Parties have stipulated to the sum of $20,500.00 as substitute security for Plaintiff's claims, to stand in the stead of the physical custody of the vessel herself, as special security for the claims of the Plaintiff alone, and no other. The Court approves this stipulation, followed by deposit in the same amount, as substitute security for the vessel.

Accordingly, it is now hereby ORDERED as follows:

　　1. The Clerk of the Court, through the Financial Office and officers, is hereby authorized to receive and directed to accept funds in the amount specified above. The Clerk is further authorized and directed to deposit the said funds in an **interest-bearing account,** pursuant to the Court Registry Investment System. The said funds, with accrued interest, shall be kept on deposit with the Registry until further order of the Court. The Clerk shall issue a receipt for said funds to the person depositing the same, and shall also

furnish a copy of the receipt to the Plaintiff's counsel on request.

    2.    Funds so received shall stand as special security for the claims of the plaintiff alone, and shall fully substitute for the defendant vessel as a form of security for Plaintiff's claims, to answer the judgment of this Court or any appellate court in this matter, with any and all liens, rights, or claims of the Plaintiff to exist with respect to the substitute security with the same force and effect that they would have had as to the Vessel, in the event that the Vessel had not been released.

    3.    The release of the Vessel or any substitution of security is to be without prejudice to any of the parties on the merits of the underlying dispute.

    4.    As soon as the Clerk confirms to the Marshals Service that the stipulated funds have been received, the check (if any) has cleared, then the Marshals Service, through its customary procedures, shall release the defendant vessel *Out of the Blue* from arrest, but only into the custody of Dr. Robert E. Chavez, properly identified, and to no other person. The vessel need not be made available outside of ordinary business hours, and is to be made available to Dr. Chavez, "as is, where is," but in such an orientation that it can be picked up and removed by a standard hydraulic boat trailer.

    5.    Upon execution by Dr. Chavez of the Marshals Service receipt for the vessel, the arrest of the vessel shall stand DISSOLVED. Dr. Chavez and the substitute custodian will stand at liberty to come to a mutual agreement regarding launching the vessel, or other services, but need not do so. Any such arrangements are to have no further bearing on the interests of the Plaintiff or the Marshals Service or this Court.

Dated at Boston this 19TH day of August 2005:

                                                        *William G. Young*
                                                        United States District Judge